<u>IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| KEVIN EVANS ) | |
| ) | CASE NO. 1:13-cv-00037-SJ (NGG) (RER) |
| Plaintiff ) | |
| ) | |
| ) | **FIRST AMENDED COMPLAINT** |
| -VS- ) | |
| ) | |
| DETECTIVE ROBERT LYNCH ) | |
| CHARLES J. HAYNES, KINGS COUNTY ) | |
| DISTRICT ATTORNEY ) | |
| THE CITY OF NEW YORK ) | |
| ) | |
| Defendants | |

_____x

<u>COMPLAINT</u>

Plaintiff KEVIN EVANS, by Obayomi Awoyinfa, his attorney, complains as follows: This is a civil action brought by Plaintiff, against DETECTIVE ROBERT LYNCH, CHARLES J. HAYNES, Kings County District Attorney, and THE CITY OF NEW YORK, for malicious prosecution of Plaintiff.

<u>JURISDICTION AND VENUE</u>

1.   This action arises under the Constitution and Laws of the United States, including 42 U.S.C. §1983, and also under the laws of the State of New York. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§1331, 1367 and 1343.

` 2. Venue is proper in the Eastern District of New York because all of the events and omissions giving rise to these claims occurred in the Eastern District of New York 28 U.S.C. S 1391 (b).

## PARTIES

3. Plaintiff KEVIN EVANS, male, was and still is a resident of the Borough of Brooklyn, City and State of New York, and a citizen of the United States.

4. Defendant ROBERT LYNCH (LYNCH) is a New York City Police officer, who investigated a false allegation of a commission of a criminal offence against Plaintiff and arrested said Plaintiff on 5/12/10. Said Defendant LYNCH also actively participated in the malicious prosecution of the Plaintiff and is sued in both his individual and official capacity.

5. Defendant CHARLES J. HAYNES was, at all relevant times to this action, and still is the District Attorney for the Borough of Kings in the City and State of New York. Said Defendant CHARLES J. HAYNES (HAYNES) is an elected office holder with broad prosecutorial discretion to determine whether to prosecute the Plaintiff, or not, and was responsible for the malicious prosecution of the Plaintiff. Defendant Haynes is sued in his official capacity.

6. Defendant CITY OF NEW YORK was and still is a municipal corporation organized and existing under the laws of the State of New

York. At all relevant times to this action Defendants LYNCH and HAYNES were employees, agents, and/or servants of Defendant CITY OF NEW YORK. Defendant CITY OF NEW YORK owns the detention facility in Rikers Island, New York, where Plaintiff was detained for almost the entire period of time that said Plaintiff was maliciously prosecuted.

## FACTUAL ALLEGATIONS

7.  On or about May 12, 2010, Plaintiff, along with another individual, by name Anthony King, was arrested on a false and concocted allegation of sexual misconduct, endangering the welfare of a child, assault, criminal possession of a weapon, harassment, and sexual abuse of a minor, who was then alleged to be fourteen (14) years old.

8.  Plaintiff did not know and had never met said minor (alleged victim), yet Plaintiff was alleged to have drugged, raped, and assaulted said minor. During the entire period of time that said crime was alleged have been committed, Plaintiff was away from home and was with his friends Ms. Shirly Marcellus and Mr. Rolin Marcellus in the city of Bayonne, State of New Jersey, and was no where near the crime scene. All these information were provided to the Defendants but were never investigated.

9.  Immediately after the alleged victim reported the alleged crime to the New York City Police Department, Defendants moved to have a medical examination of the alleged victim conducted by competent and

qualified professionals, who were Defendants' agents, servants or workers, and who conclusively stated to the Defendants that said victim was not raped, based on the results of the examination. The result of the test conducted by said defendants was held by said defendants and suppressed from the Plaintiff, or Plaintiff's criminal defense attorney, which resulted in grand jury indictment, excessive pretrial detention of the Plaintiff, and lack of a speedy trial.

10. Also, in said minor's statement to the Defendants, or their agents, servants, or workers, she (alleged victim) alleged that she was taken to the State of New Jersey by the Plaintiff in the company of one of her friends who also is a minor and alleged victim's school mate, and acquaintance. However, upon an interrogation conducted by one Elizabeth S. Doerfler, Deputy Bureau Chief, Sex Crimes/Special Victims Bureau (working together with Defendant Detective Lynch in the same Department), said minor friend of the alleged victim unequivocally stated that she "has never been to New Jersey with the complainant, nor was she in a car with the complainant" and the Plaintiff. Said interview was conducted by said Elizabeth S. Doerfler prior to the indictment of the Plaintiff by a grand jury on June 15, 2010. Said piece of information was in possession of the Defendants but were held from the Plaintiff in bad faith and not presented to said grand jury which resulted in an

unnecessary indictment of the Plaintiff, in addition to excessive pretrial detention.

11. Furthermore, the alleged victim of the underlying criminal complaint also alleged in her statement made to Defendant Detective Lynch, that Plaintiff "threw hot water" on her feet "causing burning, pain and swelling", but the house where the alleged crime occurred neither had a running water, nor stove, nor gas, nor or any other element necessary for boiling water. Furthermore, there was no broken skin on any part of the feet of the alleged victim of the underlying criminal complaint. The information that Plaintiff had no running water, stove, or gas, which was exculpatory and in favor of the Plaintiff, was known to Defendant Lynch and District Attorney Charles Haynes, or same was easily verifiable by Defendant Detective Lynch and/or same was indeed verified by said Detective Lynch between the period Plaintiff was arrested and June 15, 2010 when Plaintiff was indicted.

12. Shortly after Plaintiff was arrested on May 12, 2010 but well before his indictment, the Defendant Detective Lynch conducted or caused to be conducted a forensic examination of the alleged scene of the crime but found no item or DNA of the alleged victim that she was at any time at the said scene of crime, which is also an exculpatory evidence in favor of the Plaintiff. This piece of information was in possession of Detective Lynch prior to the indictment of Plaintiff, but was either not provided to

Defendant Charles J. Haynes, or same was deliberately withheld by said Defendant Charles J. Haynes from Plaintiff's criminal defense attorney, thus resulted in the unnecessary prosecution and excessive pretrial detention of Plaintiff.

13. In addition, Defendant Detective Lynch reviewed surveillance tapes for all New York exits to the State New Jersey which confirmed that the alleged victim's statement to the Police that she was abducted and driven to New Jersey was untrue. Said information was in possession of Defendant Detective Lynch shortly after the arrest of the Plaintiff, but before said Plaintiff's indictment, yet, said Defendant Detective Lynch either deliberately failed to provide this to the Defendant District Attorney or same was deliberately and unjustly withheld by Defendant District Attorney from Plaintiff's criminal defense attorney. Thus, this resulted in Plaintiff's unnecessary prosecution and excessive pretrial detention. This also resulted in a deprivation of Plaintiff's constitutional right to a speedy trial.

14. On or about June 15, 2010, Plaintiff was charged with and maliciously prosecuted for criminal sexual act in the second degree (2 counts), assault in the second degree, sexual misconduct (2 counts), endangering the welfare of a child (2 counts), assault in the second degree, assault in the third degree, criminal possession of a weapon in the fourth degree, harassment in the second degree, and sexual abuse in the

third degree in the Supreme Court of the State of New York, until October 6, 2011 when said prosecution was eventually terminated.

15. From June 15, 2010, when the Plaintiff was charged with the offences listed in the immediately preceding paragraph, the alleged victim of the underlying criminal action did not show up in court even once despite given several opportunities to do so, yet, Defendants continued to maliciously prosecute the Plaintiff until said charges were terminated in favor of the Plaintiff on October 6, 2011.

16. Except for the patently false, unsupportable, and contradicted statement of the alleged victim of the underling criminal action, which was also medically proven to be untrue by Defendants' medical professionals, there was no basis and no probable cause for the prosecution, or continued prosecution of the Plaintiff till October 6, 2011 when the charges were terminated in said Plaintiff's favor. The Defendants initiated or continued the underlying criminal case with an improper purpose and in bad faith.

17. The totality of facts known to the Defendants, particularly the untruthfulness of the alleged victim of the underling criminal action, spurious claims of events as exposed by scientific evidence from Defendants' medical examination of the alleged victim, together with lack of a DNA evidence of the alleged victim at the scene of crime where she was supposedly held for two (2) weeks and continuing up until the date of

the arrest of the Plaintiff on 5/12/10, lack of surveillance tape indicating that the alleged victim was transported to the State of New Jersey as she claimed, statement from the alleged victim's own witness denying the commission of any crime, and persistent refusal of said alleged victim to attend court hearings, were sufficient for the Defendants to either refuse to prosecute the Plaintiff, or to discontinue prosecution prior to February 15, 2011, let alone October 6, 2011. All the afore-mentioned exculpatory evidence and the deliberate refusal of the Defendant Detective Lynch to provide said exculpatory evidence to Defendant District Attorney, and/or the failure of the Detective District Attorney to timely turn over exculpatory evidence to the Plaintiff's criminal defense attorney, or at all, are indicative of malice, bad faith, and a violation of Plaintiff's constitutional rights.

18. As consequences of a shoddy investigation or lack of investigation, Plaintiff was arrested, charged with the commission of several criminal offences, confined in a detention facility at Rikers Island (belonging to the Defendant CITY OF NEW YORK), and required to post bond. Plaintiff was unable to post bond till sometime in May 2011 when he (Plaintiff) was released on self-recognizance (ROR). The Defendants continued to deprive Plaintiff of his liberty, despite an avalanche of evidence indicating that no crime was ever committed, apart from the refusal of the alleged victim, to attend court hearings.

19. Even after Plaintiff was released on ROR in May 2011, he was ordered to maintain contact with Pretrial Services, restrained from traveling outside the State of New York, as a result of said criminal proceedings.

20. As a direct and proximate result of the Defendants' actions or omissions, Plaintiff suffered and continues to suffer emotional and other injuries, some or all of which may be permanent.

21. As a direct and proximate result of the Defendants' actions or omissions, Plaintiffs suffered and continue to suffer mental anguish, reputational injury, psychological and emotional distress, with physical pain and suffering, some or all of which may be permanent.

22. As a direct and proximate result of Defendants' actions or omissions, Plaintiff was deprived of his rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the Laws of the State of New York.

23. The actions of Defendants acting under color of State law deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be free from unreasonable seizure, abuse of process, and entitlement to due process.

24. By these actions, Defendants deprived Plaintiffs of his rights secured by Fourth and Fourteenth Amendments of the United States Constitution, in violation of 42 U.S.C. Section 1983.

25. On October 6, 2011, the criminal action initiated against the Plaintiff was terminated in his favor. Thus, within ninety (90) days after Plaintiff claims against the Defendant CITY OF NEW YORK arose, and on or about the 4th day of January, 2012, a notice sworn to by Plaintiff was delivered personally to the Comptroller of Defendant, THE CITY OF NEW YORK, with Notice set forth the names and addresses of the Plaintiff and his attorney, the nature of his claim, the time, place and manner in which it arose, and the items of damages and injuries claimed to have been sustained.

26. That at least thirty (30) days have elapsed since the verified statement of the Plaintiff's claimed and notice of intention to sue herein referred to was served upon Defendant THE NEW YORK CITY and said Defendant has failed to make an adjustment of payment thereof and this action has been commenced within one (1) year and ninety (90) days of the cause of action herein alleged had occurred.

### FIRST CLAIM FOR RELIEF

27. Plaintiff herein restates paragraph "1" – "26" of this complaint, as thoughtfully set forth bellow:

28. That at all times herein mentioned the conduct of Defendants LYNCH and HAYNES, acting individually and in conspiracy with others resulted in Plaintiff being falsely, maliciously, and unlawfully detained and

thereby deprived Plaintiff of his rights to be free from unreasonable and unlawful seizure of his person, to the equal protection law and to due process of law in violation of the Fourth and Fourteenth amendments of the Constitution of the United States, 42 U.S.C. 1983, and laws of the State of New York.

29.    All of the acts described above were undertaken in a willful and malicious manner, with an immoral purpose, to unjustly enrich the Defendants and to injure the reputation of the Plaintiff.

30.    As a direct and proximate result of Defendants' actions as described above, and particularly of their willful, intentional, false, malicious, reckless, or grossly negligent actions in detaining, imprisoning and prosecuting the Plaintiff, said Plaintiff was greatly humiliated and disgraced, suffered great mental and physical anguish, was forced to undergo the rigors and strain of an unlawful detention and imprisonment and has otherwise been damaged and injured in diverse and other manners to his great detriment.

WHEREFORE, Plaintiff demands judgment for damages against all Defendants for compensatory damages, with interest, costs of suit and attorney's fees.

## SECOND CLAIM FOR RELIEF

31.    Plaintiff herein restates paragraph "1" – "30" of this complaint, as though they were fully set forth bellow.

32. As a result of the false charges filed against Plaintiff by Defendants described above, Plaintiff was compelled to retain the services of an attorney to represent and defend him on the charges, before the action was terminated in Plaintiff's favor.

33. There was no reasonable or probable cause for the charges or prosecution of Plaintiff by Defendant and Defendants knew or should have known this to be the case, prior to the unlawful detention, imprisonment and prosecution of Plaintiff, and prior to October 6, 2011 when the action was finally terminated by the Court

34. As a direct and proximate result of Defendants' actions as described above, and particularly of their willful, intentional, false, malicious, reckless, or grossly negligent actions in detaining and imprisoning Plaintiff, Plaintiff was greatly humiliated and disgraced, suffered great mental and physical anguish, was forced to undergo the rigors and strain of preparation for his defense of false charges and of appearing in the New York Supreme Court to defend himself with additional anxiety, loss of sleep and other damages and has been forced to incur legal expenses in connection with the false charges, and has otherwise been damaged and injured in diverse other manners to his detriment.

WHEREFORE, Plaintiff demands judgment for damages against all Defendants for compensatory damages, with interest, costs of suit and attorney's fees.

### THIRD CLAIM FOR RELEIF

35. Plaintiff herein restates paragraph "1" – "34" of this complaint, as though they were fully set forth bellow.

36. The defendant Detective Lynch knew or should have known that Plaintiff committed no crime based on an avalanche of overwhelming exculpatory evidence favorable to Plaintiff that were in his possession and which he deliberately and maliciously withheld from Defendant District Attorney and thus concealed from Plaintiff's criminal defense attorney, thus causing Plaintiff to be excessively and unreasonably detained for over nine (9) months.

37. The defendant Detective District Attorney knew or should have known that Plaintiff committed no crime based on an avalanche of overwhelming exculpatory evidence favorable to Plaintiff that were in his possession and which he deliberately and maliciously withheld/concealed from Plaintiff's criminal defense attorney, thus causing Plaintiff to be excessively and unreasonably detained for over nine (9) months.

WHEREFORE, Plaintiff demands judgment for damages against all Defendants for compensatory damages, with interest, costs of suit and attorney's fees.

FOURTH CLAIM FOR RELIEF

38. Plaintiff herein restates paragraph "1" – "37" of this complaint, as thoughtfully set forth bellow.

39. The Defendant Detective Lynch knew, or should have known, that Plaintiff committed no crime based on an avalanche of overwhelming exculpatory evidence favorable to Plaintiff that were in said Defendant Lynch's possession which he deliberately and maliciously withheld from the Defendant District Attorney, thus prolonged the underlying criminal action and in turn delayed and deprived Plaintiff of his constitutional right to a speedy trial.

40. The defendant Detective District Attorney knew or should have known that Plaintiff committed no crime based on an avalanche of overwhelming exculpatory evidence favorable to Plaintiff that were in his possession and which he deliberately and maliciously withheld/concealed from Plaintiff's criminal defense attorney, thus prolonged the underlying criminal action, and in turn delayed and deprived Plaintiff of his constitutional right to a speedy trial.

WHEREFORE, Plaintiff demands judgment for damages against all Defendants for compensatory damages, with interest, costs of suit and attorney's fees.

## FIFTH CLAIM FOR RELIEF

41. Plaintiff herein restates paragraph "1" – "40" of this complaint, as thoughtfully set forth bellow.

42. Defendant THE CITY OF NEW YORK failed to use reasonable care in the selection of its employees, agents, and servants, failed to properly train and supervise Defendant LYNCH and failed to properly provide appropriate safeguards and outline official policies to both Defendants LYNCH and HAYNES that would have prevented an unnecessary detention, imprisonment and malicious prosecution of Plaintiff.

43. Defendant THE CITY OF NEW YORK acted under color of law pursuant to the official policy or custom and practice of the municipality, intentionally, knowingly, recklessly, or with deliberate indifference, failed to properly and adequately control and discipline, on a continuing basis, the Defendant Detective LYNCH in the performance of his duty and otherwise failed to refrain Defendant LYNCH from unlawfully and maliciously conspiring to cause the unlawful detention, excessive pretrial detention, and malicious prosecution of Plaintiff, in the violation of the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the State of New York.

44. Defendant THE CITY OF NEW YORK had knowledge of, or had it diligently exercised its duties to instruct, supervise, control and discipline Defendant LYNCH, or provide appropriate safeguards to Defendant

HAYNES on a continued basis, should have had knowledge of the wrongs that were done as alleged above and intentionally, or with deliberate indifference to Plaintiff's rights, failed or refused to prevent their commission.

45. Defendant THE CITY OF NEW YORK owns and provided the detention facility where Plaintiff was held, restrained, or detained while said Plaintiff was being maliciously prosecuted from June 15, 2010 until May 17, 2011 when he (Plaintiff) was able to secure his release on ROR.

46. Defendant THE CITY OF NEW YORK directly or indirectly and under color of law, thereby approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of Defendants LYNCH and HAYNES.

WHEREFORE, Plaintiff demands judgment for damages against Defendant CITY OF NEW YORK for compensatory damages, with interest, costs of suit and attorney's fees.

Plaintiff hereby demands a trial by a jury of six.

Dated: September 25, 2013

S/Obayomi Awoyinfa
_____
Obayomi Awoyinfa (OA7934)
Plaintiff's Attorney
27 Union Square West, Ste 503
New York, NY 10003
212-352-3430

On Notice:

Morgan D. Kunz, Esq (By ECF)
Senior Counsel
New York City Law Department
Special Federal Litigation Department
100 Church Street, 3-189
New York, NY 10007